# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANTHONY RUSSELL,**

               **Plaintiff,**

**-vs-**                                                        **Case No. 6:07-cv-125-Orl-19DAB**

**GOLDEN KRUST, d/b/a Maystruck, Inc.,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PARTIES' JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF SETTLEMENT, MOTION TO APPROVE CONSENT FINAL JUDGMENT, MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 32)**
>
> **FILED:** July 10, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on August 2, 2007 with counsel for both parties attending by telephone.

Based on the representations of counsel, Plaintiff was employed by Defendants as a chef. Doc. No. 11. The extent of Plaintiff's status a full-time cook and employee or as an on-call independent contractor was much disputed by both sides, with Plaintiff seeking approximately $8,042 for alleged overtime worked and unpaid wages. Doc. No. 11.

Plaintiff's counsel described the dynamics at the mediation that led to the settlement: Plaintiff decided that he did not want to return to Orlando for any other proceedings, and when the settlement being discussed appeared to be near the $10,000 mark, he requested counsel reduce his fee from $5,500 to $4,000, which counsel agreed to do; Plaintiff then agreed to settle for unpaid wages of

$3,000. Defendant's counsel explained that Defendant had been in business only one year and cash flow was tight, hence the structured payments totaling $7,000 and the stipulated judgment for $20,000 (in the event of default). Doc. No. 32-2. Defendant also had witnesses disputing Plaintiff's account of his overtime and employment status.

The settlement to Plaintiff of $3,000 in unpaid wages and liquidated damages represents approximately forty percent of the hotly-disputed principal amount Plaintiff sought, which the Court finds reasonable in light of the circumstances as explained by counsel.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,000 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff from January to July 2007, accruing fees and costs of approximately $5,500 in the process. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $3,000 to Plaintiff for unpaid wages and liquidated damages, and $4,000 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 2, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy